# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
_____

Daveesha Augustin,

Index No.: 601220/2025

Plaintiff(s)

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

-against-

Trans Union LLC a/k/a TransUnion; Equifax Information Services LLC; Capital One Financial Corporation a/k/a Capital One Services, LLC,

Defendants.
_____

**PLEASE TAKE NOTICE THAT** the enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

**PLEASE TAKE FURTHER NOTICE** that to avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgement part of this form and mail back in the enclosed self addressed prepaid envelope provided, or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it.

You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire. If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the within documents in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you. If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint, petition, or subpoena. The time to answer a summons and complaint expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are

served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Please Check One Of The Following; If #2 Is Checked, Complete As Indicated:

  1. [X] I am not in military service.

  2. [ ] I am in military service, and my rank and branch of service are as follows:

Rank: _____

Branch of Service: _____

**TO BE COMPLETED REGARDLESS OF MILITARY STATUS:**

I affirm the above as true under penalty of perjury that I received a summons and complaint/ or summons and notice/ or notice of petition and petition/ or subpoena duces tecum/ ad testificandum (strike out inapplicable terms) in the above-captioned matter at (insert address).

Dated: _____

_____
Signature

_____
Print Name

Equifax Information Services LLC
Name of Defendant

_____
Position with Defendant

2

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 4 of 28 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| Daveesha Augustin,<br><br>Plaintiff,<br><br>-against-<br><br>Trans Union LLC a/k/a TransUnion; Equifax Information Services LLC; Capital One Financial Corporation a/k/a Capital One Services, LLC,<br><br>Defendants. | Index No.: 601220/2025<br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Suffolk County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

FILED: SUFFOLK COUNTY CLERK 01/14/2025 05:48 PM
INDEX NO. 601220/2025

NYSCEF DOC. NO. 1    Case 2.25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 5 of 28 PageID #: 9    RECEIVED NYSCEF: 01/14/2025

Dated: Brooklyn, New York
January 14, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Daveesha Augustin

/s/ Serge F. Petroff
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:    Trans Union LLC a/k/a TransUnion
c/o The Prentice-Hall Corporation System Inc.
80 State Street
Albany, New York 12207-2543

Equifax Information Services LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207

Capital One Financial Corporation a/k/a Capital One Services, LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 6 of 28 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFOLK

| | |
|---|---|
| Daveesha Augustin, | Index No.: 601220/2025 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| Trans Union LLC a/k/a TransUnion; Equifax Information Services LLC; Capital One Financial Corporation a/k/a Capital One Services, LLC, | |
| Defendants. | |

Plaintiff Daveesha Augustin (the "Plaintiff"), by and through her attorneys, Petroff Amshen LLP, as and for her complaint against the defendants (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

2.      Finding that "[t]he banking system is dependent upon fair and accurate credit reporting and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer. With regard to the confidentiality, accuracy, relevancy, and proper

utilization of such information . . . ." 15 U.S.C. § 1681.

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumers reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in her credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact her credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.      Plaintiff is an individual resident of the State of New York, County of Suffolk, residing at 314 Pleasantview Court, Copiague, New York 11726.

7.      Defendant Trans Union LLC a/k/a TransUnion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661, and registered agent of service in New York c/o The Prentice-Hall Corporation System, 80 State Street, Albany, New York 12207-2543. The company is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the Federal Trade Commission ("FTC").

8.      Defendant Equifax Information Services LLC ("Equifax") is a limited liability

Case 2:25-cv-00848-JS-ST Document 1-1 Filed 02/14/25 Page 8 of 28 PageID #: 12

company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and registered agent for service in New York c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543. Equifax is a wholly owned subsidiary of Equifax is one of the three national CRAs recognized by the FTC.[1]

9.      Defendant Capital One Financial Corporation a/k/a Capital One Services, LLC ("Capital One") is a corporation organized under the laws of the State of Virginia, with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102, and registered agent for service in New York c/o Corporation Service Company, 80 State Street, Albany, New York 12207. Capital One is a major financial services company including banking and credit card services.

10.      Venue in this county is proper to pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

11.      On November 6, 2024, Plaintiff settled an outstanding debt with Capital One through the third-party law firm, Selip & Stylianou LLP. The Settlement amount of $3,000 was paid in full as agreed upon. As of that date, the account should reflect a paid and closed status with a zero balance.

12.      The account information is as follows:

- Creditor: Capital One
- Account Number 517805805****
- Settlement Amount: $3,000
- Date of Settlement: November 6, 2024
- Third Party Law Firm: Selip & Stylianou LLP

---

[1] TransUnion and Equifax shall be referred to collectively herein as the "Defendant CRAs".

Case 2:25-cv-00848-JS-ST Document 1-1 Filed 02/14/25 Page 9 of 28 PageID #: 13

13.     After the settlement payment was made, on November 8, 2024, Plaintiff submitted

a formal Notice of Dispute to the Defendant CRAs. The Notice of Dispute included proof of

payment and requested that the account be updated to reflect its paid status. *See Exhibit A.*

14.     Despite providing all the required documentation and submitting the dispute,

neither of the Defendant CRAs responded to her dispute or corrected the inaccurate reporting of

the Capital One account.

15.     The Capital One account continues to be reported as a charge-off with a balance.

16.     In Plaintiff's Equifax credit report, the settlement is unreported, and the Capital

One account still reflects an outstanding balance.

17.     In Plaintiff's TransUnion credit report, an additional charge-off remark was added

to her credit report in December 2024, despite the debt being paid in full as of November 2024.

18.     The continued inaccurate reporting of this account is negatively impacting her

credit score, preventing her from accessing credit and causing emotional distress. The account

should be reported as "paid and closed", reflecting a zero balance as of November 6, 2024.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

19.     Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

20.     Capital One is a "furnisher" of information to consumer reporting agencies, with

a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including

providing accurate information relating to consumers.

21.     Capital One is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

22.     Subpart E of Regulation V, the FCRA's implementing regulation, applies to

furnishers of information including Capital One. *See* 12 C.F.R §§ 1022.1, 1022.40.

23.     The Defendant CRAs are each a "consumer reporting agency" as defined by the

Case 2:25-cv-00848-JS-ST Document 1-1 Filed 02/14/25 Page 10 of 28 PageID #: 14

FCRA. *See* 15 U.S.C. § 1681a(f).

24.     The Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis," as defined by the FCRA. See 15 U.S.C. § 1681a(p).

**<u>COUNT I</u>**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*AS TO CAPITAL ONE*

25.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" See 15 U.S.C. § 1681s-2(a)(1).

27.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate" See 15 U.S.C. § 1681s-2(a)(1)(A)" The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."

28.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if –(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is in fact. Inaccurate." See 15 U.S.C. § 1681s-2 (a)(1)(B).

29.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 11 of 28 PageID #: 15

reporting. *See* 15 U.S.C. § 1681s-2(b).

30.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R § 1022.42.

31.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

32.     Capital One furnished and reported inaccurate account information regarding Plaintiff's Capital One account to the Defendants CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

33.     The inaccurate information included: (i) contradictory account data; (ii) inaccurate and conflicting payment histories; (iii) missing data including positive/timely payments remarks; and (iv) despite the account being closed, it still reflects outstanding debt or balances.

34.     Upon information and belief, Capital One received notice of Plaintiff's Notice of Dispute regarding the accuracy of her account information as reported to the Defendant CRAs.

35.     Capital One failed to review the information provided by Plaintiff for any additional information.

36.     Capital One deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Capital One account has caused Plaintiff to suffer

damages including: loss and reduction of credit, increased debt, higher interest rates, unfavorable terms on any available credit options, payment of attorneys' fees, (f) other costs to retain professionals to assist with credit recovery; and (g) other actual damages.

37.     As a result of Capital One's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

**COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*As To Capital One*

38.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39.     After receiving Plaintiff's Notice of Dispute regarding the accuracy of her account information as reported by the Defendant CRAs, Capital One thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Capital One account, in violation of 15 U.S.C. § 1681s-2.

40.     Capital One "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer". See 15 U.S.C. § 1681s-2(a)(2).

41.     Capital One furnished inaccurate information regarding the Capital One account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. Capital One knows, or should have known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

42.     As a compiler and furnisher of consumer information concerning Plaintiff's

Case 2:25-cv-00848-JS-ST Document 1-1 Filed 02/14/25 Page 13 of 28 PageID #: 17

Capital One account, Capital One had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs and prevent the furnishing of inaccurate information. *See* 15 U.S.C. § 1681S-2(A)(6).

43. Upon information and belief, Capital One has further negligently persisted in reporting inaccurate information to the Defendant CRAs that have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

44. Capital One negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Capital One account has caused Plaintiff to suffer damage including: (a) loss and reduction of credit, (b) increased debt), (c) higher interest rates, (d) unfavorable terms on any available credit options, (e) payment of attorneys' fees (f) other costs to retain professionals to assist with credit recovery; and (g) other actual damages.

45. As a result of Capital One negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

**<u>COUNT III</u>**
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
***As To The Defendant CRAS***

46. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47. "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

48.    The Defendant CRAs received Plaintiff's Notices of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

49.    Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Capital One account.

50.    Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to contact Plaintiff of Capital One for any additional information that would assist in reasonable investigation.

51.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages

52.    The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

53.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

## COUNT IV
### Negligent Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681o)
### *As To The Defendant CRAs*

54.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

55.     Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Capital One account.

56.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

57.     As a result of the Defendant CRAs' negligent conduct in violations of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## COUNT V
### Willful Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681n)
### *As To The Defendant CRAs*

58.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

59.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and notifies the agency […] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 16 of 28 PageID #: 20

to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

60.     The investigation must be completed within thirty (30) days of the Defendant CRAs receipt of the Notice of Dispute. *See id.*

61.     The Defendant CRAs must also provide Notice of Dispute to any furnisher of the disputed information, within five (5) business days of receipt.

62.     "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

63.     Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

64.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Capital One account.

65.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

66.     Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

67. The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

68. The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

69. As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

<u>COUNT VI</u>
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO THE DEFENDANT CRAS*

70. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

71. Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Capital One account.

72. The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C. § 1681i(a)(2).

73. The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or Capital One, for any additional information that would assist in a reasonable investigation.

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 18 of 28 PageID #: 22

74.     The Defendant CRAs failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

75.     This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

76.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## **VIOLATIONS OF N.Y GENERAL BUSINESS LAW**

77.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

78.     Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

79.     Plaintiff is a "consumer" withing the meaning of the NYFCR. *See* GBL § 380-a(b).

80.     Capital One is a "person" withing the meaning of the NYFCRA. *See* GBL § 380-a(e).

81.     The Defendant CRAs each a "consumer reporting agency" within the meaning of the NYFCRA. See GBL § 380-a(e).

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 19 of 28 PageID #: 23

**COUNT VII**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(N.Y. Gen. Bus. Law § 380-o)**
*AS TO CAPITAL ONE*

82.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

83.    The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's file. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

84.    As a result of Capital One knowing and willful introduction of false information regarding Plaintiff's Capital One account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

85.    As a result of Capital One foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**COUNT VIII**
**Failure to Investigate and Resolve Consumer Dispute**
**(N.Y. Gen. Bus. Law §§ 380-f, 380-m)**
*AS TO THE DEFENDANT CRAS*

86.    Plaintiff incorporates by reference each of the preceding paragraphs as though

fully set forth herein.

87.     Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

88.     If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

89.     Further "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

90.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

91.     The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

92.     Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

93.     As a result, Plaintiff has suffered damages including loss and reduction of credit,

increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

94.    Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

95.    The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
       January 14, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff*
Daveesha Augustin

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

# EXHIBIT A

**Certified Mail Tracking Information**

**Name: Daveesha Augustin**
**Date sent: 11/06/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765481440487

**EX:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765481448919

**TU:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=94071118987S65481448629

**Daveesha Augustin**
314 Pleasantview Ct
Copiague, New York 11726
Date of Birth: 06/20/█████
SS#: 6195

**Notice of Dispute**

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

11/08/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Payment history is inaccurate
   BANKAMERICA
   Account Number: 029703****
   I believe the payment history is reporting inaccurately. I don't recall being late for every single one of these late remarks. Please confirm and verify these late payment dates by sending me validation documents. If you are unable to verify these late remarks, please delete them from my credit report immediately.

2. Payment history is inaccurate
   CB/VICSCRT
   Account Number: 512062932946****
   I believe the payment history is reporting inaccurately. I don't recall being late for every single one of these late remarks. Please confirm and verify these late payment dates by sending me validation documents. If you are unable to verify these late remarks, please delete them from my credit report immediately.

3. Charge-off account has inaccurate information
   CAPITAL ONE
   Account Number: 51780580****
   The balance on this charge-off account is reporting inaccurately because I called and settled this debt on November 6, 2024, with Selip & Stylianou LLP, a third-party law firm collecting on this debt, for the amount of $3,000. This account should reflect a paid and closed status with a zero balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccurate reporting is damaging my credit and affecting my ability to utilize it. Please investigate this issue and either remove this account from my credit report or update it to reflect a paid and closed status with a zero balance as of November 2024 immediately.

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 25 of 28 PageID #: 29

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Daveesha Augustin

Case 2:25-cv-00848-JS-ST    Document 1-1    Filed 02/14/25    Page 26 of 28 PageID #: 30

**Daveesha Augustin**
314 Pleasantview Ct
Copiague, New York 11726
Date of Birth: 06/20/█
SS#: 6195

**Notice of Dispute**

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

11/08/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Payment history is inaccurate
   BANKAMERICA
   Account Number: 029703****
   I believe the payment history is reporting inaccurately. I don't recall being late for every single one of these late remarks. Please confirm and verify these late payment dates by sending me validation documents. If you are unable to verify these late remarks, please delete them from my credit report immediately.

2. Payment history is inaccurate
   CB/VICSCRT
   Account Number: 539176132946****
   I believe the payment history is reporting inaccurately. I don't recall being late for every single one of these late remarks. Please confirm and verify these late payment dates by sending me validation documents. If you are unable to verify these late remarks, please delete them from my credit report immediately.

3. Charge-off account has inaccurate information
   CAPITAL ONE
   Account Number: 517805805885****
   The balance on this charge-off account is reporting inaccurately because I called and settled this debt on November 6, 2024, with Selip & Stylianou LLP, a third-party law firm collecting on this debt, for the amount of $3,000. This account should reflect a paid and closed status with a zero balance. I have attached a screenshot of my settlement payment as proof that the debt was paid and satisfied as of November 2024. This inaccurate reporting is damaging my credit and affecting my ability to utilize it. Please investigate this issue and either remove this account from my credit report or update it to reflect a paid and closed status with a zero balance as of November 2024 immediately.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Daveesha Augustin

Case 2:25-cv-00848-JS-ST Document 1-1 Filed 02/14/25 Page 28 of 28 PageID #: 32

$\$3,000^{00}$

Posted on Wednesday, November 06, 2024

---

## SELIP & STYLIANI
Transfer



---

Appears on your statement as:
### Withdrawal from SELIP & STYLIANI PAYMENT

---

Memo
### PAYMENT

---